Filed
3/27/2023 8:42 AM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Erica Rodriguez

CAUSE NO. 23-DCV-302556

| | | |
|---|---|---|
| PUNITA K. AND GANESH PONNADURAI, | § | IN THE JUDICIAL COURT OF |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| LIBERTY INSURANCE CORPORATION, | § | |
| | § | Fort Bend County - 240th Judicial District Court |
| *Defendant.* | § | ____ DISTRICT COURT |

**PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Punita K. and Ganesh Ponnadurai, ("Plaintiffs"), and file *Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure*, complaining of Liberty Insurance Corporation ("Liberty") (or "Defendant") and for cause of action, Plaintiffs respectfully show the following:

**DISCOVERY CONTROL PLAN**

1. Plaintiffs intend to conduct discovery under Level 2, Texas Rules of Civil Procedure 190.3.

**PARTIES**

2. Plaintiff, Punita K. Ponnadurai, resides in Fort Bend County, Texas.

3. Plaintiff, Ganesh Ponnadurai, resides in Fort Bend County, Texas.

4. Defendant, Liberty Insurance Corporation, is a foreign insurance company, engaged in the business of insurance in the State of Texas. Plaintiffs request service of citation upon Liberty, through its registered agent for service listed with the Texas Department of Insurance: **Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218**. Plaintiffs request service at this time.



EXHIBIT
2

## JURISDICTION

5. The Court has jurisdiction over Liberty because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Liberty's business activities in the state, including those in Fort Bend County, Texas, with reference to this specific case.

## VENUE

6. Venue is proper in Fort Bend County, Texas because the insured property is located in Fort Bend County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Fort Bend County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

7. Plaintiffs assert claims for breach of contract, common law bad faith, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

8. Plaintiffs own a Liberty Insurance Corporation insurance policy, number H3729860412240 ("the Policy"). At all relevant times, Plaintiffs owned the insured premises located at 22514 Crescent Cove Court, Katy, Texas 77494 ("the Property").

9. Liberty Insurance Corporation or its agent sold the Policy, insuring the Property, to Plaintiffs. Liberty Insurance Corporation represented to Plaintiffs that the Policy included water damage coverage. During the policy period from December 06, 2020 to December 06, 2021, the Property sustained extensive damage resulting from a severe freeze in the Fort Bend County, Texas area. Liberty assigned a date of loss of February 16, 2021 to Plaintiffs' claim.

10. In the aftermath of the freeze, Plaintiffs submitted a claim to Liberty against the Policy for damage to the Property. Liberty assigned claim number 044782174-01 to Plaintiffs' claim.

11. Plaintiffs asked Liberty to cover the cost of damage to the Property pursuant to the Policy.

12. Liberty hired or assigned its agent, Nicholas D. Lenoir, to inspect and adjust the claim. Lenoir conducted an inspection on or about June 15, 2021, according to the information contained in his estimate. Lenoir's findings generated an estimate of damages totaling $118,318.23. After application of depreciation and the $4,350.00 deductible, Plaintiffs were left without adequate funds to make repairs on the entirety of their claim.

13. Liberty, through its agent, Lenoir, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

14. Liberty and Lenoir have ultimately refused full coverage which includes, but is not limited to, extensive and obvious freeze related damage to the interior of our clients home including the formal dining, half bath, kitchen-breakfast area, office, hall, laundry room, hall 2, family room, master bedroom, master closet left side, master closet right side, master bathroom, master water closet, stairs, living room, game room, bedroom 3, Jack/Jill bathroom, vanity area bedroom 3, hallway, bathroom, bedroom 2, landing, bedroom 4, vanity area bedroom 4, closet bedroom 4, and bedroom 3 closet area of the property.

15. The damage to Plaintiffs' Property is currently estimated at $223,346.54.

16. Lenoir had a vested interest in undervaluing the claims assigned to him by Liberty in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of the third-party inspector's as well as the difference in valuation is evidence of unfair claims handling practices on the part of Lenoir.

17. Furthermore, Lenoir was aware of Plaintiffs' deductible prior to inspecting the Property. Lenoir had advanced knowledge of the damages he needed to document in order to be able

to deny the claim.

18. Lenoir misrepresented the actual amount of damage Plaintiffs' Property sustained in addition to how much it would cost to repair the damage. Lenoir made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiffs would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

19. After reviewing Plaintiffs' Policy, Lenoir misrepresented that the damage was caused by non-covered perils. Lenoir used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy.

20. As stated above, Liberty and Lenoir improperly and unreasonably adjusted Plaintiffs' claim. Without limitation, Liberty and Lenoir misrepresented the cause of, scope of, and cost to repair damages to Plaintiffs' Property, as well as the amount of insurance coverage for Plaintiffs' claim or loss under the Policy.

21. Liberty and Lenoir made these and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Liberty and Lenoir made these false representations with the intent that Plaintiffs act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by Lenoir.

22. Plaintiffs relied on Liberty's and Lenoir's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiffs' Property. Plaintiffs' damages are the result of Plaintiffs' reliance on these misrepresentations.

23. Upon receipt of the inspection and estimate reports from Lenoir, Liberty failed to assess the claim thoroughly. Based upon Lenoir's grossly unreasonable, intentional, and reckless

failure to investigate the claim properly prior to underpaying coverage, Liberty failed to provide coverage due under the Policy, and Plaintiffs suffered damages.

24. Because Liberty and Lenoir failed to provide coverage for Plaintiffs' insurance claim, Plaintiffs has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiffs' Property.

25. Furthermore, Liberty and Lenoir failed to perform their contractual duties to Plaintiffs under the terms of the Policy. Specifically, Lenoir performed an unreasonable and substandard inspection that allowed Liberty to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiffs.

26. Liberty's and Lenoir's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiffs.

27. Liberty's and Lenoir's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). Liberty and Lenoir have failed to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Specifically, Liberty and Lenoir have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiffs by failing to timely pay Plaintiffs coverage due under the Policy.

28. Liberty's and Lenoir's conduct constitutes a violation of the Texas Insurance Code, Unfair

Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). Liberty and Lenoir failed to provide Plaintiffs a reasonable explanation for underpayment of the claim.

29. Additionally, after Liberty received statutory demand on or about 01/16/2023, Liberty has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' claim properly.

30. Liberty's and Lenoir's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Lenoir performed a biased and intentionally substandard inspection designed to allow Liberty to refuse to provide full coverage to Plaintiffs under the Policy.

31. Specifically, Liberty and Lenoir performed an outcome-oriented investigation of Plaintiffs' claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

32. Liberty's and Lenoir's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to Lenoir subpar inspection, Liberty failed to reasonably accept or deny Plaintiffs' full and entire claim within the statutorily mandated time after receiving all necessary information.

33. Liberty's and Lenoir's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to Lenoir's intentional undervaluation of Plaintiffs' claims, Liberty failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Lenoir's understatement of the damage to the Property caused Liberty to delay full payment of Plaintiffs' claim longer than allowed, and Plaintiffs has not received rightful payment for

Plaintiffs' claim.

34. Liberty's and Lenoir's wrongful acts and omissions have forced Plaintiffs to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

**CAUSES OF ACTION AGAINST DEFENDANT**

35. All paragraphs from the fact section of this petition are hereby incorporated into this section.

**BREACH OF CONTRACT**

36. Liberty is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Liberty and Plaintiffs.

37. Liberty's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Liberty's insurance contract with Plaintiffs.

**NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES**

38. Liberty's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

39. Liberty's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

40. Liberty's unfair settlement practice of failing to attempt in good faith to make a prompt,

fair, and equitable settlement of the claim, even though Liberty's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

41. Liberty's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

42. Liberty's unfair settlement practice of refusing to pay Plaintiffs' full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

**NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:**
**THE PROMPT PAYMENT OF CLAIMS**

43. Liberty's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

44. Liberty's delay in paying Plaintiffs' claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

45. Liberty's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

46. Liberty's failure to adequately and reasonably investigate and evaluate Plaintiffs' claim, even though Liberty knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair

dealing.

## DTPA VIOLATIONS

47. Liberty's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiffs are consumers of goods and services provided by Liberty pursuant to the DTPA. Plaintiffs have met all conditions precedent to bring this cause of action against Liberty. Specifically, Liberty's violations of the DTPA include, without limitation, the following matters:

A. By its acts, omissions, failures, and conduct, Liberty have violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Liberty's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B. Liberty represented to Plaintiffs that the Policy and Liberty's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C. Liberty represented to Plaintiffs that Liberty's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D. Liberty advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E. Liberty breached an express warranty that the damages caused by water would be

covered under the Policy. This breach entitles Plaintiffs to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F. Liberty's actions are unconscionable in that Liberty took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Liberty's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a) (3) of the DTPA; and

G. Liberty's conduct acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

48. Each of the above-described acts, omissions, and failures of Liberty is a producing cause of Plaintiffs' damages. All of Liberty's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## KNOWLEDGE

49. Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

## WAIVER AND ESTOPPEL

50. Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

51. The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden

to Plaintiffs. These damages are a direct result of Defendant's mishandling of Plaintiffs' claims in violation of the laws set forth above.

52. Plaintiffs currently estimate that actual damages to the Property under the Policy are $223,346.54.

53. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above-described acts, omissions, failures, and conduct of Defendant have caused Plaintiffs' damages, which include, without limitation, the cost to properly repair Plaintiffs' Property and any investigative and engineering fees incurred.

54. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claims, consequential damages, together with attorney's fees.

55. For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiffs ask for three (3) times their actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

56. For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claims, plus an eighteen percent (18%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

57. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the

amount Liberty owed, exemplary damages, and damages for emotional distress.

58. Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct that the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

59. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

60. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(b)(1) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief over $250,000.00 but not more than $1,000,000.00, including interest statutory or punitive damages and penalties, and attorney fees and costs. A jury will ultimately determine the monetary relief awarded, however. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

**REQUESTS FOR DISCLOSURE**

61. Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that Defendant disclose, within thirty (30) days from the date the first answer is filed, the information or material described in Rules 190.2(b)(6) and 194.2.

**JURY DEMAND**

62. Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Fort Bend County, Texas. Plaintiffs hereby tender the appropriate jury fee.

**PRAYER**

Plaintiffs pray that Defendant, , be cited and served to appear and that upon trial hereof, , recovers from Defendant, such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiffs requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiffs may show they are so justly entitled.

Dated: March 27, 2023

Respectfully submitted,

By: *<u>/s/ Chad T. Wilson</u>*

Chad T. Wilson
Bar No. 24079587
Jay Scott Simon
Bar No. 24008040
CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432

**cwilson@cwilsonlaw.com**
**jsimon@cwilsonlaw.com**

ATTORNEYS FOR PLAINTIFFS

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Shelby Myska on behalf of Chad Wilson
Bar No. 24079587
smyska@cwilsonlaw.com
Envelope ID: 74021857
Filing Code Description: Petition
Filing Description: Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure
Status as of 3/27/2023 10:03 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Shelby Myska | | smyska@cwilsonlaw.com | 3/27/2023 8:42:19 AM | SENT |
| Jay Scott Simon | 24008040 | jsimon@cwilsonlaw.com | 3/27/2023 8:42:19 AM | SENT |

7022 3330 0001 1904 1666

US POSTAGE
$10.20
First-Class
Mailed From 75240
03/27/2023
032A 0061855100

LEGAL DOCUMENT MANAGEMENT
5930 LBJ FREEWAY SUITE 307
DALLAS, TEXAS 75240

CORPORATION SERVICE COMPANY
211 E. 7th STREET., #620
AUSTIN, TEXAS 78701