Filed
4/24/2023 9:45 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Shelby Taylor

CAUSE NO. 23-DCV-302556

| | | |
|---|---|---|
| PUNITA K. PONNADURAI and GANESH PONNADURAI | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiffs*, | § | |
| | § | 240TH JUDICIAL DISTRICT |
| vs. | § | |
| | § | |
| LIBERTY INSURANCE CORPORATION, | § | |
| | § | FORT BEND COUNTY, TEXAS |
| *Defendant*. | § | |
| | § | |

**DEFENDANT LIBERTY INSURANCE CORPORATION'S ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Liberty Insurance Corporation and files its Original Answer to Plaintiffs' Original Petition, and would respectfully show:

## I. GENERAL DENIAL

1. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies, each and every, all and singular, the allegations set forth in Plaintiffs' Original Petition and demands strict proof thereof.

## II. SPECIFIC DENIALS

2. Defendant further specifically denies Plaintiffs' allegations of statutory and/or common law bad faith, statutory insurance code and DTPA violations, breach of the duty of good faith and fair dealing, and all other causes of action alleged therein.



EXHIBIT
4

3. By way of further Answer, Defendant specifically denies that all conditions precedent to Plaintiffs' causes of action and claims for breach of contract and violations of the DTPA have occurred in the following respects:

> (a) Plaintiffs have not made the repairs and/or replaced the allegedly damaged insured property so as to entitle it to compensation for replacement cost value as required by the Texas Insurance Policy on which it bases its claims.
>
> (b) Plaintiffs have not given Defendant notice in writing in the form and manner required by the Texas DTPA; and

4. Defendant specifically denies that Plaintiffs are owed any additional amounts under the policy for alleged losses for the property damages asserted which form the basis of Plaintiffs' claims and causes of action herein.

5. Defendant specifically denies that appropriate pre-suit notice was given, in accordance with Texas law, and denies Plaintiffs' rights to recover attorneys' fees, expenses, and costs in this action. Specifically, notice was not provided in compliance with Texas Insurance Code, Section 542A. In the alternative, Defendant would show that Plaintiffs' presentment of this claim constitutes an excessive and unreasonable demand, and, therefore, Plaintiffs are precluded from a recovery of attorneys' fees and expenses.

6. Defendant specifically denies that it committed any wrongful acts or that it acted "knowingly" or "intentionally" as those terms are defined by Section 17.50(b)(1) of the Texas Deceptive Trade Practices Act or Section 541 of the Texas Insurance Code.

7. Defendant also denies that it has waived or is estopped from asserting any defenses, in tort or in contract.

8. Defendant specifically denies that it failed to issue an explanation of benefits letter, an estimate of damages, or that it otherwise failed to provide Plaintiffs a full explanation of the results of the claims process.

9. Defendant specifically denies that it has any common law duty to Plaintiffs or that it is liable for the unspecified torts or common law negligence as no causes of action for such claims are recognized under Texas law.

10. Defendant further asserts, to the extent applicable, the defenses provided by § 17.49(c), TEX. BUS. & COMM. CODE in that Defendant's adjustment of the claim at issue involved the rendering of professional service the essence of which is the provision of advice, judgment, opinion, or similar professional skill.

## III.
## AFFIRMATIVE DEFENSES

11. Defendant further specifically asserts that the subject policy only affords Plaintiffs the replacement cost value of covered damages to the dwelling after the damaged or destroyed property has actually been repaired or replaced. Plaintiffs have not replaced or repaired the allegedly damaged property; as such, they are only entitled to the actual cash value of the loss as provided for by the Texas Insurance Policy under which they bring suit.

12. Defendant would show as an affirmative defense to Plaintiffs' claims that certain property damage asserted by Plaintiffs to be compensable under the insurance policy comes, in fact, from a risk or cause coming within a particular exception to the general liability under the policy. Defendants would show that Plaintiffs' loss, in whole or in part. comes from a risk or cause excepted by the policy.

13. Pleading further, Defendant would show that Plaintiffs have failed to mitigate their damages in that they failed to protect the property from further damage and/or to make reasonable and necessary repairs to protect the property.

14. Regarding Plaintiffs' extra-contractual claims, Defendant asserts a bona fide coverage dispute.

15. Pleading further, Defendant would show that no act or omission of Defendant was the proximate cause of any injury to Plaintiffs.

16. Defendant asserts the affirmative defense of excessive demand with respect to Plaintiffs' claim for attorneys' fees.

17. Defendant additionally pleads the common law doctrine of concurrent causation as it relates to covered versus non-covered perils, with respect to the proximate cause of the damages alleged to Plaintiffs' property and/or contents, which give rise to the subject matter of this lawsuit.

18. Pleading further, Defendant would show the Court that, to the extent that any particular covered damage items were omitted from original assessment or payment, the cause for same results from the Plaintiffs' material breach of the subject insurance policy, failure to comply with conditions precedent, and/or Plaintiffs' contributory negligence in failing to timely, fully and/or properly identify and report such item or items of damage to Defendant or to Defendant's agents. Defendant contends that the Plaintiffs had a duty to do so and failed to fulfill that duty, thus causing and/or contributing to cause the damages now claimed by them in this case. Defendant also pleads the affirmative defenses of estoppel and waiver relative to any theory of recovery alleged by Plaintiffs on the basis that an item of loss was not addressed, not investigated, and/or omitted from adjustment by Defendant.

19. While continuing to deny that Plaintiffs' injuries and damages, if any, were proximately caused by Defendant, pursuant to Chapter 33, Texas Civil Practice & Remedies Code, Defendant requests a determination of whether the purported injuries and damages to Plaintiffs were proximately caused or produced by the conduct of Plaintiffs and/or other persons or parties, and, if so, the percentage of such causation attributable to the Plaintiffs, other persons, or parties found to have been a cause of any of the Plaintiffs' purported injuries, losses, or damages, and to reduce and/or apportion the judgment, if any, by the degree of such causation attributed to the Plaintiffs, other persons or parties.

20. Plaintiffs' injuries, losses, and damages, if any, were the result, in whole or in part, of pre-existing or subsequent conditions, and were not the result of any act or omission on the part of the Defendant.

21. Pleading further, Defendant denies any liability to Plaintiffs for alleged extra-contractual damages. Defendant further pleads that any award to Plaintiffs of exemplary, additional, treble, or punitive damage or penalties is limited as prescribed by Chapter 41, Texas Civil Practice & Remedies Code, and Texas Insurance Code sections 541.152 and 542.060.

22. Defendant hereby asserts the economic loss rule as an affirmative defense to any of Plaintiffs' claims sounding in tort.

23. Pleading further, Defendant states that any claims against it concerning the adjustment of Plaintiffs' losses are based on the rendering of a professional service by Defendant's adjusters, the essence of which is the providing a judgment or opinion. Plaintiffs' claims, in whole or in part, are based on the adjuster's rendering of a professional opinion as to the extent, amount, and coverage of Plaintiffs' losses, and accordingly any causes of action asserted under the Texas Deceptive Trade Practices Act (DTPA) are precluded by § 17.49(c) of that Act.

**PRAYER**

WHEREFORE, Defendant Liberty Insurance Corporation respectfully prays that Plaintiffs take nothing by its suit herein, and for all other relief to which Defendant is justly entitled.

Respectfully submitted,

*/s/ J. Mark Kresenberg*

**J. MARK KRESSENBERG**
State Bar No. 11725900
mkressenberg@thompsoncoe.com
**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
One Riverway, Suite1400
Houston, Texas 77056
Telephone: (713) 403-8379
Facsimile: (713) 403-8299

**KOLBY J. KELLER**
State Bar No.:24119382
kkeller@thompsoncoe.com
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209

**ATTORNEYS FOR DEFENDANT
LIBERTY INSURANCE CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2023, a true and correct copy of the foregoing has been served on Plaintiffs' counsel in accordance with the Texas Rules of Civil Procedure:

Chad T. Wilson
Chad T. Wilson Law Firm, PLLC
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
832-415-1432
281-940-2137 – Fax
cwilson@cwilsonlaw.com

*/s/ Kolby J. Keller*
Kolby J. Keller

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lisa Petrasic on behalf of Mark Kressenberg
Bar No. 11725900
lpetrasic@thompsoncoe.com
Envelope ID: 74933037
Filing Code Description: Answer/Response
Filing Description: Defendant Liberty Insurance Corporation's Original Answer
Status as of 4/24/2023 10:24 AM CST

Associated Case Party: PunitaK.Ponnadurai

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Chad Wilson | 24079587 | eservice@cwilsonlaw.com | 4/24/2023 9:45:55 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jay Scott Simon | 24008040 | jsimon@cwilsonlaw.com | 4/24/2023 9:45:55 AM | SENT |
| Shelby Myska | | smyska@cwilsonlaw.com | 4/24/2023 9:45:55 AM | SENT |
| Mark Kressenberg | | mkressenberg@thompsoncoe.com | 4/24/2023 9:45:55 AM | SENT |
| Kolby Keller | | kkeller@thompsoncoe.com | 4/24/2023 9:45:55 AM | SENT |
| Lisa Petrasic | | lpetrasic@thompsoncoe.com | 4/24/2023 9:45:55 AM | SENT |