**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **PUNITA K. AND GANESH PONNADURAI,** | § | |
| | § | |
| ***Plaintiffs,*** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:23-CV-01545** |
| | § | **JURY** |
| **LIBERTY INSURANCE CORPORATION,** | § | |
| | § | |
| ***Defendant.*** | § | |
| | § | |

**JOINT DISCOVERY/ CASE MANAGEMENT PLAN**
**UNDER RULE 26(f)**
**FEDERAL RULES OF CIVIL PROCEDURE**

**1. State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

The Parties conferred on July 25, 2023. Jay Simon for Plaintiff and Kolby Keller for Defendant Liberty Insurance Corporation.

**2. List the cases related to this one that are pending in any state or federal court with the case number and court.**

None.

**3. Briefly describe what the case is about.**

This case involves an alleged property damage as a result of the February 2021 freeze that occurred in Harris County on or about, February 16, 2021 Plaintiff reported the claim to Defendant on the same day. After investigating the claim, Defendant investigated the claim and made its coverage decision.

**4. Specify the allegation of federal jurisdiction.**

Diversity of Citizenship and the amount in controversy is over $75,000.

**5. Name the parties who disagree and the reasons.**

None.

**6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

The Parties do not anticipate any additional parties that should be included.

**7. List anticipated interventions.**

The Parties do not anticipate any interventions.

**8. Describe class-action issues.**

None.

**9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The Parties agree that the initial disclosures will be made on or before August 15, 2023.

**10. Describe the proposed agreed discovery plan, including:**

**A. Responses to all the matters raised in Rule 26(f).**

Pursuant to this Court's Local Rules the Parties have submitted the Proposed Scheduling Order referenced in Document 2 and attached hereto as Exhibit A.

(1) Conference Timing. Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b).

The Parties have conferred as required by Doc. 2 and Rule 26(f). The conference took place on July 25, 2023.

(2) Conference Content; Parties' Responsibilities. In conferring, the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan. The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan. The court may order the parties or attorneys to attend the conference in person.

The Parties have submitted a proposed scheduling order consistent with Doc. 2.

(3) Discovery Plan. A discovery plan must state the parties' views and proposals on:

(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

The Parties do not have any suggested changes.

(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

The Parties agree discovery will be conducted around the basis of this lawsuit, which the alleged property damage as a result of the freeze event and the facts surrounding same. The Parties have outlined in the Proposed Scheduling Order how and when discovery will proceed.

(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

The Parties do not have any issues about disclosures, discovery or preservation of ESI.

(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;

At this time, there are no issues about claims of privilege or of protection as trial-preparation materials.

(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

The Parties do not have any changes.

(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

The Parties, at this time, do not have any other orders the Court should issues under Rule 26(c)or Rule 16(b).

**B. When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates sending interrogatories within 30 days of the initial conference.

**C. When and to whom the defendant anticipates it may send interrogatories.**

Defendant anticipates sending interrogatories within 30 days of the initial conference.

**D. Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking the deposition of Defendant's Corporate Representatives and any expert designated by Defendant in the 30 to 60 days following the initial responses to written discovery and or designation of experts.

**E. Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates taking the deposition of Plaintiffs, and other fact witnesses identified throughout the discovery process and any expert designated by Plaintiff in the 30 to 60 days following the initial responses to written discovery and or designation of experts.

**F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

November 7, 2023.

**G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

December 7, 2023.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff anticipates taking the deposition of the experts designated by Defendant within 30 days of their designation.

Defendant anticipates taking the deposition of the experts designated by Defendant within 30 days of their designation.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The Parties agree and have filed the Court's required Proposed Scheduling Order referenced in Document 2 and attached hereto as Exhibit A.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

At the time of this filing, the Parties have not conducted any discovery past the initial disclosures phase.

13. **State the date the planned discovery can be reasonably completed.**

February 8, 2024.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The Parties will engage in informal negotiations throughout all stages of the litigation. The Parties also believe alternative dispute resolution such as mediation will be extremely helpful to resolve this case.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

The Parties agree that mediation would be a helpful tool in resolving this case. The Parties are negotiating on what time mediation would be most helpful and will agree on selecting a mediator.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The Parties believe mediation is the appropriate ADR technique coupled with informal negotiations throughout the litigation process. The Parties believe mediation will be appropriate following initial written discovery but before expert designations to possible avoid the cost of experts.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The Parties do not consent to trial before a magistrate.

18. **State whether a jury demand has been made and if was made on time.**

A Jury demand has not been demanded. However, Defendant will demand a jury and pay the fee.

19. **Specify the number of hours it will take to present the evidence in this case.**

The Parties anticipate it will take 3-4 days for to present evidence in this case.

**20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

There are no pending motions at this time.

**21. List other motions pending.**

There are no pending motions at this time.

**22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

The Parties do not have any matters that deserve special attention of the court at the conference.

**23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

The Parties certify that all parties have filed Disclosure of Interested Parties. Defendant filed its certificate of interested parties with its removal on April 26, 2023 (EXH 8 to removal). Defendant also filed its Corporate Disclosures on the same day. (EXH 6 to removal). Plaintiffs filed their Certificate of Interested Parties on May 12, 2023. [Doc 4.]

**24. List the names, bar numbers, addresses and telephone numbers of all counsel.**

| | |
|---|---|
| **Chad T. Wilson**<br>Southern Bar No. 2246983<br>Bar No. 24079587<br>**Jay Scott Simon**<br>Southern Bar No. 31422<br>Bar No. 24008040<br>455 East Medical Center Blvd.,<br>Suite 555<br>Webster, Texas 77598<br>Telephone: (832) 415-1432<br>Facsimile: (281) 940-2137 | **J. MARK KRESSENBERG**<br>State Bar No. 11725900<br>mkressenberg@thompsoncoe.com<br>**Thompson, Coe, Cousins & Irons, L.L.P.**<br>One Riverway, Suite1400<br>Houston, Texas 77056<br>Telephone: (713) 403-8379<br>Facsimile: (713) 403-8299<br><br>**KOLBY J. KELLER**<br>State Bar No.:24119382<br>kkeller@thompsoncoe.com<br>700 N. Pearl Street, 25th Floor<br>Dallas, Texas 75201<br>Telephone: (214) 871-8200<br>Facsimile: (214) 871-8209 |

| | |
|---|---|
| /s/ *Jay Scott Simon w/ Permission* | *July 25, 2023* |
| Counsel for Plaintiff(s) | Date |
| /s/*Kolby Keller* | *July 25*, 2023 |
| Counsel for Defendant(s) | Date |