**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **PUNITA K. AND GANESH PONNADURAI,** | § | |
| | § | |
| ***Plaintiffs,*** | § | |
| | § | **CIVIL ACTION NO. 4:23-CV-01545** |
| **V.** | § | **JURY** |
| | § | |
| **LIBERTY INSURANCE CORPORATION,** | § | |
| | § | |
| ***Defendant.*** | § | |

**DEFENDANT'S FIRST AMENDED ANSWER**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant LIBERTY INSURANCE CORPORATION ("Defendant"), and files its First Amended Answer in response to Plaintiffs' Original Petition Filed In 240th Judicial District of Fort Bend County, and would respectfully show the Court as follows:

**DISCOVERY CONTROL PLAN**

1. Defendant neither admit nor deny the allegations contained in Paragraph 1.

**PARTIES**

2. Defendant can neither admit nor deny the allegations contained in Paragraph 2.

3. Defendant can neither admit nor deny the allegations contained in Paragraph 3.

4. Defendant admits the allegations contained in Paragraph 4 to the extent they concern Defendant.

**JURISDICTION**

5. Defendant admits that this federal court has jurisdiction.

**VENUE**

6. Defendant admits that this venue is appropriate.

## FACTS

7. Defendant denies the allegations contained in Paragraph 7.

8. Defendant admits that that it issued Policy No. H372986041220 to Plaintiffs. Defendant cannot admit or deny the remaining allegations contained in Paragraph 8.

9. Defendant admits that Plaintiffs reported a claim for associated with a with a freeze event which occurred on or about February 16, 2021. Defendant denies the remaining allegations contained in Paragraph 9.

10. Defendant admits Plaintiffs reported a claim to Defendant and Defendant assigned Claim No. 004782174-01 to Plaintiffs' claim, Defendant denies the remaining allegations contained in Paragraph 10.

11. Defendant denies the allegations contained in Paragraph 11.

12. Defendant denies the allegations contained in Paragraph 12.

13. Defendant denies the allegations contained in Paragraph 13.

14. Defendant denies the allegations contained in Paragraph 14.

15. Defendant denies the allegations contained in Paragraph 15.

16. Defendant denies the allegations contained in Paragraph 16.

17. Defendant denies the allegations contained in Paragraph 17.

18. Defendant denies the allegations contained in Paragraph 18.

19. Defendant denies the allegations contained in Paragraph 19.

20. Defendant denies the allegations contained in Paragraph 20.

21. Defendant denies the allegations contained in Paragraph 21.

22. Defendant denies the allegations contained in Paragraph 22.

23. Defendant denies the allegations contained in Paragraph 23.

24. Defendant denies the allegations contained in Paragraph 24.

25. Defendant denies the allegations contained in Paragraph 25.

26. Defendant denies the allegations contained in Paragraph 26.

27. Defendant denies the allegations contained in Paragraph 27.

28. Defendant denies the allegations contained in Paragraph 28.

29. Defendant denies the allegations contained in Paragraph 29.

30. Defendant denies the allegations contained in Paragraph 30.

31. Defendant denies the allegations contained in Paragraph 31.

32. Defendant denies the allegations contained in Paragraph 32.

33. Defendant denies the allegations contained in Paragraph 33.

34. Defendant denies the allegations contained in Paragraph 34.

## CAUSES OF ACTION AGAINST DEFENDANT

35. Defendant denies the allegations contained in Paragraph 35.

## BREACH OF CONTRACT

36. Defendant denies the allegations contained in Paragraph 36. Paragraph 36 does not constitute a proper plea for a cause of action for breach of contract or for violations of Texas Insurance Code § 541 or § 542, pursuant to Rules 12(b)(6) and 8(a) of the Federal Rules of Civil Procedure.

37. Defendant denies the allegations contained in Paragraph 37. Paragraph 37 does not constitute a proper plea for a cause of action for breach of contract or for violations of Texas Insurance Code § 541 or § 542, pursuant to Rules 12(b)(6) and 8(a) of the Federal Rules of Civil Procedure.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

38. Defendant denies the allegations contained in Paragraph 38. Paragraph 38 does not constitute a proper plea for a cause of action for violations of Texas Insurance Code § 541, pursuant to Rules 12(b)(6) and 8(a) of the Federal Rules of Civil Procedure.

39. Defendant denies the allegations contained in Paragraph 39. Paragraph 39 does not constitute a proper plea for a cause of action for violations of Texas Insurance Code § 541, pursuant to Rules 12(b)(6) and 8(a) of the Federal Rules of Civil Procedure.

40. Defendant denies the allegations contained in Paragraph 40. Paragraph 40 does not constitute a proper plea for a cause of action for violations of Texas Insurance Code § 541, pursuant to Rules 12(b)(6) and 8(a) of the Federal Rules of Civil Procedure.

41. Defendant denies the allegations contained in Paragraph 41. Paragraph 41 does not constitute a proper plea for a cause of action for violations of Texas Insurance Code § 541, pursuant to Rules 12(b)(6) and 8(a) of the Federal Rules of Civil Procedure.

42. Defendant denies the allegations contained in Paragraph 42. Paragraph 42 does not constitute a proper plea for a cause of action for violations of Texas Insurance Code § 541, pursuant to Rules 12(b)(6) and 8(a) of the Federal Rules of Civil Procedure.

**NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:**
**THE PROMPT PAYMENT OF CLAIMS**

43. Defendant denies the allegations contained in Paragraph 43. Paragraph 43 does not constitute a proper plea for a cause of action for violations of Texas Insurance Code § 542, pursuant to Rules 12(b)(6) and 8(a) of the Federal Rules of Civil Procedure.

44. Defendant denies the allegations contained in Paragraph 44. Paragraph 44 does not constitute a proper plea for a cause of action for violations of Texas Insurance Code § 542, pursuant to Rules 12(b)(6) and 8(a) of the Federal Rules of Civil Procedure.

**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

45. Defendant denies the allegations contained in Paragraph 45. Paragraph 45 does not constitute a proper plea for a breach of good faith and fair dealing, pursuant to Rules 12(b)(6) and 8(a) of the Federal Rules of Civil Procedure.

46. Defendant denies the allegations contained in Paragraph 46. Paragraph 46 does not constitute a proper plea for a breach of good faith and fair dealing, pursuant to Rules 12(b)(6) and 8(a) of the Federal Rules of Civil Procedure.

**DTPA VIOLATIONS**

47. Defendant denies the allegations contained in Paragraphs 47 and its subparts A.-G. Paragraphs 47 and its subparts A.-G. do not constitute a proper plea for a cause of action for alleged violations of action for violations of the Texas Deceptive Trade Practices Act (DTPA) the Federal Rules of Civil Procedure.

48. Defendant denies the allegations contained in Paragraphs 48. Paragraphs 48 does not constitute a proper plea for a cause of action for alleged violations of action for violations of the Texas Deceptive Trade Practices Act (DTPA) the Federal Rules of Civil Procedure.

**KNOWLEDGE**

49. Defendant denies the allegations contained in Paragraph 49. Paragraph 49 does not constitute a proper plea for alleged violations of action for violations of Texas Insurance Code pursuant Rules 12(b)(6) and 8(a) of the Federal Rules of Civil Procedure.

**WAIVER AND ESTOPPEL**

50. Defendant denies the allegations contained in Paragraph 50. Paragraph 50 does not constitute a proper plea for waiver and estoppel pursuant Rules 12(b)(6) and 8(a) of the Federal Rules of Civil Procedure.

**DAMAGES**

51. Defendant denies the allegations contained in Paragraph 51.

52. Defendant denies the allegations contained in Paragraph 52.

53. Defendant denies the allegations contained in Paragraph 53.

54. Defendant denies the allegations contained in Paragraph 54.

55. Defendant denies the allegations contained in Paragraph 55.

56. Defendant denies the allegations contained in Paragraph 56.

57. Defendant denies the allegations contained in Paragraph 57.

58. Defendant denies the allegations contained in Paragraph 58.

59. Defendant denies the allegations contained in Paragraph 59. Defendant specifically denies Plaintiffs' rights to recover attorneys' fees, expenses, and costs in this action. Specifically, notice was not provided in compliance with the Texas Insurance Code or the Deceptive Trade Practices Act. In the alternative, Defendant would show that Plaintiffs' presentment of this claim constitutes an excessive and unreasonable demand and, therefore, Plaintiffs is precluded from a recovery of attorneys' fees and expenses.

60. Defendant admits the damages sought by Plaintiffs are within the jurisdictional limits of this court. Defendant denies the remaining allegations contained in Paragraph 60.

## REQUESTS FOR DISCLOSURE

61. To the extent Plaintiffs' Requests for Disclosures under the Texas Rules of Civil Procedure requires a response, Defendant denies the allegations contained in Paragraph 61.

## JURY DEMAND

62. Paragraph 62 cannot be admitted or denied.

## PRAYER

63. To the extent Prayer for Relief requires a response, Defendant denies the allegations contained in Prayer for Relief.

## SPECIFIC DENIALS

64. Defendant further specifically denies Plaintiffs' allegations of breach of contract, statutory and/or common law bad faith, statutory insurance code violations, breach of the duty of good faith and fair dealing, conspiracy, and all other causes of action alleged in Plaintiffs' Original Petition. Defendant also specifically denies Plaintiffs' allegations pertaining to exemplary damages, treble damages, actual damages, consequential damages, additional damages, economic damages, mental anguish damages and attorney's fees in Plaintiffs' Original Petition and all amendments thereto.

65. By way of further Answer, Defendant specifically denies that all conditions precedent to Plaintiffs' causes of action and claims for breach of contract and violations of the Texas Insurance Code and DTPA have occurred, in the following respects:

(a) Plaintiffs have not given Defendant notice in writing in the form and manner required by the Texas Insurance Code; and

(b) Plaintiffs have not complied with its duties after loss as required by the Texas Insurance Policy on which it bases this breach of contract claim;

(c) Plaintiffs have not made the repairs and/or replaced the allegedly damaged insured property so as to entitle it to compensation for replacement cost value as required by the Texas Insurance Policy on which it basis its claims; and

(d) Plaintiffs have not given Defendant notice in writing in the form and manner required by Texas Ins. Code §542A.003(b).

66. Defendant specifically denies that Plaintiffs are owed any additional amounts under the policy for alleged losses for the property damages asserted which form the basis of Plaintiffs' claims and causes of action herein.

67. Defendant specifically denies that appropriate pre-suit notice was given, in accordance with Texas law, and denies Plaintiffs' rights to recover attorneys' fees, expenses, and costs in this action. Specifically, notice was not provided in compliance with Texas Ins. Code §542A.003(b). In the alternative, Defendant would show that Plaintiffs' presentment of this claim constitutes an excessive and unreasonable demand and, therefore, Plaintiffs is precluded from a recovery of attorneys' fees and expenses.

68. Defendant specifically denies that they committed any wrongful acts or that they acted "knowingly" or "intentionally" as those terms are defined by Section 541 of the Texas Insurance Code.

69. Defendant also denies that it has waived or is estopped from asserting any defenses, in tort or in contract.

70. Defendant specifically denies that it failed to issue an explanation of benefits letter, an estimate of damages, or that it otherwise failed to provide Plaintiffs a full explanation of the results of the claims process.

71. Defendant specifically denies that it failed to affirm or deny coverage of Plaintiffs' claims within a reasonable time.

72. Defendant specifically denies that it has any common law duty to Plaintiffs or that it is liable for the unspecified torts or common law negligence as no causes of action for such claims are recognized under Texas law.

73. Defendant further asserts, to the extent applicable, the defenses provided by § 17.49(c), TEX. BUS. & COMM. CODE in that Defendants' adjustment of the claim at issue involved the rendering of professional service the essence of which is the provision of advice, judgment, opinion, or similar professional skill.

## AFFIRMATIVE DEFENSES

74. The Petition does not constitute a proper plea pursuant Rules 12(b)(6), 8(a), and 9 of the Federal Rules of Civil Procedure regarding any of Plaintiffs' extra-contractual claims. Plaintiffs base their extra-contractual causes of action on factual allegations that are pled in only the most vague generalities and formulaic recitations of statutory language. Further, Plaintiffs' claims rest on allegations of misrepresentation or fraudulent conduct that comes nowhere close to the particularity required under the rules. Defendant plead the affirmative defense that Plaintiffs have failed to state a claim against Defendant upon which relief may be granted.

75. Plaintiffs' claims are subject to the respective terms and conditions of the Policy, including but not limited to the applicable Policy limits. The Policy specifically states;

**Coverage A: Dwelling –** This covers damages to your dwelling up to the policy limits of $435,000.00. The applicable deductible applies.

**Coverage B: Other Structures –** This covers damage to other covered structures up to the policy limit for causes of damage $43,500.00. The applicable deductible applies.

**Coverage C: Contents –** This covers damage to or loss of your personal property up to the policy limits of $326,260.00. The applicable deductible applies. Special limits for certain types of personal property may apply.

**Coverage D: Loss of Use –** If a covered loss occurs that prevents you from living in your residence, Additional Living Expense (ALE) is available to you.

All the above benefits are subject to limitations as outlined in your policy. Please refer to your policy for additional definitions of these benefits and any exclusions that may apply. Any failure to quote or refer to any specific policy provision, in the body of this answer or otherwise, is not a waiver to those provisions.

76. Defendant further specifically asserts that the subject policy only affords Plaintiffs the replacement cost value of covered damages to the dwelling after the damaged or destroyed property has actually been repaired or replaced less prior payments, if any. Plaintiffs have not replaced or repaired the allegedly damaged property; as such, they are only entitled to the actual cash value of the loss as provided for by the Texas Insurance Policy under which they bring suit. In particular the policy states:

**C. Loss Settlement. Covered property losses are settled as follows:**

1. Our limit of liability and payment for covered losses to personal property will not exceed the smallest of the following:

a. the limit of liability under this policy that applies to the damaged or destroyed property;
b. for property that is repairable, the cost to repair or replace the damaged property with material of like kind and quality, with no deduction for depreciation; or
c. the interest of the "insured"; or
d. the replacement cost at the time of loss.

We do not pay replacement cost for:
**(1)** property which cannot be replaced.
**(2)** property not maintained in good or workable condition.
**(3)** property that is either obsolete or useless to the "insured" at the time of loss.
**(4)** Property that is not repaired or replaced.

For property covered under Coverage C:
**(a)** We will pay you:

**(i)** the replacement cost of your damaged property up to $1,500; and
**(ii)** the actual cash value of your remaining damaged property
within 5 "business days" after we notify you that we will pay the claim.

If you repair or replace the damaged property, you may make claim for reimbursement on a replacement cost basis for the replacement cost of your property exceeding $1,500.

You must repair, restore or replace the property within 365 days after the loss. Reimbursement will be made within 5 "business days" after we receive proof that the property has been repaired, restored, or replaced.

2. Our limit of liability and payment for covered losses to dwelling (including wall to wall carpeting) and other structure(s) under Coverage A (Dwelling) and Coverage B (Other Structures), not including items listed in Loss Settlement paragraph C.3. below, will be at replacement cost

subject to the following:

a. If, at the time of loss, the amount of insurance in this policy on the damaged building structure(s) is 80% or more of the full replacement cost of the building structure(s) immediately before the loss, we will pay the cost to repair or replace, after application of deductible and without deduction for depreciation, but not more than the least of the following amounts:

(1) the limit of liability under this policy that applies to the damaged or destroyed building structure(s);
(2) the cost to repair or replace that part of the building structure(s) damaged, with material of like kind and quality and for the same use and occupancy on the same premises; or
(3) the necessary amount actually spent to repair or replace the damaged building structure(s).

b. If, at the time of loss, the amount of insurance in this policy on the damaged building structure(s) is less than 80% of the full replacement cost of the building structure(s) immediately before the loss, we will pay the greater of the following amounts, but not more than the limit of liability under this policy that applies to the building structure(s):
(1) the actual cash value of that part of the building structure(s) damaged; or
(2) that proportion of the cost to repair or replace, after application of deductible and without deduction for depreciation, that part of the building structure(s) damaged, which the total amount of insurance in this policy on the damaged building structure(s) bears to 80% of the replacement cost of the building structure(s).

e. We will pay no more than the actual cash value of the damage until actual repair or replacement is complete. Once actual repair or replacement is complete, we will settle the loss according to the provisions of 2.a. and 2.b. above.

However, if the cost to repair or replace the damage is both:

(1) less than 5% of the amount of insurance in this policy on the building structure(s); and

(2) less than $2,500

We will settle the loss according to the provisions of 2.a. and 2.b. above whether or not actual repair or replacement is complete.

You may disregard the replacement cost loss settlement provisions and make claim under this policy for loss or damage to building structure(s) on an actual cash value basis. You may then make claim within 180 days after loss for any additional liability according to the provisions of this Condition C. Loss Settlement.

1. The structure must be repaired or property must be replaced

2. You must have documentation to support that you have paid for the repairs or replacement of property.

3. You must make claim for recoverable depreciation within 6 months of the later:
a) The last date you received a payment for actual cash value; or
b) The date of entry of a final order of a court of competent jurisdiction declaring your right to replacement cost.

77. Defendant would show as an affirmative defense to Plaintiffs' claims that certain property damage asserted by it to be compensable under the insurance policy were in fact from caused by a risk or cause coming within a particular exception to general liability under the policy. Specifically:

a) All or part of the exterior and interior damage is a result in whole or in part from aging, wear and tear, or maintenance issues which are not covered losses under the policy.

b) All or part of the exterior and interior damage is a result in whole or in part of excluded losses.

78. With respect to Plaintiffs' interior and exterior damages, Defendant also plead the common law Doctrine of Concurrent Causation as relates to covered versus non-covered perils, with respect to the proximate cause of the damages alleged to Plaintiffs' property which give rise to the subject matter of this lawsuit.

79. Plaintiffs have failed to mitigate their damages in that it failed to protect the property from further damage and/or to make reasonable and necessary repairs to protect the property.

80. With regard to all of the Plaintiffs' extra-contractual claims, Defendant asserts a bona fide coverage dispute.

81. Defendant pleads that no act or omission of Defendant was the proximate cause of any injury to Plaintiffs.

82. Defendant asserts the affirmative defense of excessive demand with respect to Plaintiffs' claim for attorneys' fees.

83. To the extent that any particular covered damage items were omitted from assessment or payment, the cause for same resulted from the Plaintiffs' material breach of the subject insurance policy, failure to comply with conditions precedent, and/or Plaintiffs' contributory negligence in failing to timely, fully and/or properly identify and report such item or items of damage to Defendant or its agents.

84. Defendant plead the affirmative defenses of estoppel and waiver relative to any theory of recovery alleged by Plaintiffs on the basis that an item of loss was not addressed, not investigated, and/or omitted from adjustment by Defendant.

85. Plaintiffs' injuries, losses, and damages, if any, were the result, in whole or in part, of pre-existing or subsequent conditions, and were not the result of any act or omission on the part of Defendant.

86. Pleading further, Defendant denies any liability to Plaintiffs for alleged extra-contractual damages. Defendant further pleads that any award to Plaintiffs of exemplary, additional, treble or punitive damage or penalties is limited as prescribed by Chapter 41, Texas Civil Practice & Remedies Code, and Texas Insurance Code sections 541.152 and 542.060.

87. Defendant hereby asserts the Economic Loss Rule as an affirmative defense to any of Plaintiffs' claims sounding in tort.

88. Pleading further, Defendant states that any claims against it concerning the adjustment of Plaintiffs' losses are based on the rendering of a professional service by Defendant's adjusters, the essence of which is the providing a judgment or opinion. Plaintiffs' claims, in whole or in part, are based on the adjuster's rendering of a professional opinion as to the

extent, amount, and coverage of Plaintiffs' losses, and accordingly any causes of action asserted under the Texas Deceptive Trade Practices Act (DTPA) are precluded by § 17.49(c) of that Act.

89. Pleading further, Defendant states the statute of limitations to bring suit against Defendant expired prior to suit being filed. The Policy specifically states the following:

> **G. Suit Against Us**
> **No suit or action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy. Action brought against us must be started from the earlier of two years from the date we accept or reject the claim or three years from the date of the loss that is subject to the claim.**

90. Defendant reserves the right to assert any additional Affirmative Defenses that may be discovered during the course of additional investigation and discovery.

## RESERVATION OF APPRAISAL RIGHTS

91. By answering herein, Defendant does not waive, and expressly reserves, its right under the policy to demand an appraisal for determination of the actual cash value, amount of loss, or the cost of repair, with respect to the property damage claims of the Plaintiffs, asserted in this lawsuit.

## JURY DEMAND

92. Defendant requests that the above-captioned cause be tried before a jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Liberty Insurance Corporation prays that, upon a final hearing of this cause, the Court enter its judgment and Plaintiffs take nothing by way of its claims and causes of action against it; that all costs be assessed against Plaintiffs; and for such other and further relief, at law and in equity, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

*/s/ J. Mark Kressenberg*
**J. MARK KRESSENBERG**
State Bar No. 11725900
mkressenberg@thompsoncoe.com
**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
One Riverway, Suite1400
Houston, Texas 77056
Telephone: (713) 403-8379
Facsimile: (713) 403-8299

**KOLBY J. KELLER**
State Bar No.:24119382
kkeller@thompsoncoe.com
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209

**ATTORNEYS FOR DEFENDANT**
**LIBERTY INSURANCE CORPORATION**

## CERTIFICATE OF SERVICE

This is to certify that on the 20th day of October 2023, a true and correct copy of the foregoing document was delivered to all counsel of record in accordance with the Federal Rules of Civil Procedure as follows:

Chad T. Wilson
Chad T. Wilson Law Firm, PLLC
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
832-415-1432
281-940-2137 – Fax
cwilson@cwilsonlaw.com

*/s/ Kolby J. Keller*
Kolby J. Keller