IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PUNITA K. AND GANESH PONNADURAI, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:23-cv-01545 |
| | § | (JURY) |
| LIBERTY INSURANCE CORPORATION, | § | |
| | § | |
| *Defendant,* | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT LIBERTY INSURANCE CORPORATION'S MOTION FOR SUMMARY JUDGMENT, OBJECTIONS TO EVIDENCE AND REQUEST TO DECLARE LIBERTY'S "SUITS AGAINST US" CLAUSE VOID**

COMES NOW Punita K. and Ganesh Ponnadurai ("Plaintiffs"), Non-Movants herein, and files this Response to Defendant Liberty Insurance Corporation's Motion for Summary Judgment, Objections to Evidence and Request to Declare Liberty's "Suits Against Us" clause void, and in support thereof would respectfully show unto this Court the following:

## I. SUMMARY OF THE ARGUMENT

1. Defendant has filed a rather bizarre Motion for Summary Judgment predicated on that the statute of limitations has expired prior to the filing of Plaintiffs' lawsuit, thereby warranting a complete dismissal of this lawsuit. The problems with Defendant's Motion are numerous:

2. First, while Defendant cites the right preliminary background law on whether and how statutes of limitations can be shorted in insurance policies, the application of the law to the terms of the Liberty "Suits Against Us" clause at issue does not support expiration of the statute of limitations prior to filing suit in this case. To the contrary, the analysis requires this Court to find Liberty's "Suits Against Us" provision of the Policy void as a matter of law, for this case and all similarly worded Policies in force.

3. Basically, due to prior Court holdings on shortening limitations in insurance policies, almost every insurance policy in Texas contains the limitation language that suit must be brought within "two years and one day from when the cause of action accrues." Clauses that could provide less than this under their terms are categorically void. Not being satisfied with the operative language used across Texas policies for almost 100 years, Liberty tried to get cute and modify this long-accepted language, and Liberty did it wrong. Therefore, the Policy impermissibly shortens the statute under two years minimum from the date of accrual requirement for two reasons: (1) In accepted claims, such as the one in this lawsuit, a cause of action does not accrue on a notice of acceptance as there is no reason to know there was a controversy; the cause of action did not accrue until Plaintiffs were put on notice that an insufficient amount would be paid, which was much later; and (2) Notwithstanding the first argument, the language of Liberty's predicate the two year window from the date of Liberty's action (acceptance or denial), however "accrual" is not based the insurance companies action, rather it is when that action was communicated to the insured. The day the insured received the communication. As any timing delay in communication could reduce the period below two years, making the clause void on this reason as well. Either of these issues, independently, makes Liberty's "Suits Against Us" provision void as a matter of law.

4. Second, the factual support for Defendant's Motion is lacking from both admissibility issues and also factual support to support the expiration of the statute of limitations. Here, all of the "evidence" proffered by Defendant in support of its Motion is inadmissible for numerous reasons. From an evidentiary standpoint, the "evidence" and "declaration of Kolby Keller" used to authenticate these exhibits is improper and frankly warranting of perjury sanctions. Keller's declaration is facially invalid and unreliable as it contains lies and authentication issues. For instance, Keller actually swears in the paragraph which notes the penalty of perjury that his name

is Mark Kressenberg. If you can't get your name right under the penalty of perjury, why should any other statement of the declarant warrant consideration. Further, the records from Liberty cannot be authenticated by Keller, outside counsel. This is a hearsay within hearsay with hearsay problem. Beyond this, the declaration does not show that Keller is a custodian of records and cannot authenticate that the actual documents are accurate from Liberty, only that these were documents received by his law firm from Liberty. Therefore, without an admissible policy (Exhibit A-1), there is no factual support for the clause to be analyzed. Even worse, the "letter of acceptance" (Exhibit A-2) by itself does is not credible evidence since there is (1) no testimony that it is accurate, (2) no testimony that was drafted by Liberty, (3) no testimony that is was the actual final claim decision, (4) no testimony that it was communicated (sent) to Plaintiffs, (5) no testimony to establish when or if it was received by Plaintiffs as required for limitations purposes, and (6) no testimony to show that it was not later amended or supplemented. Similarly, the "spreadsheet of payments" (Exhibit A-3) is not admissible evidence without testimony that payments were actually tendered or why. There is no testimony to show that these are accurate, that the information contained thereon is accurate or anything to explain the meaning of the document sheets. This is basic law school evidence as to how to enter evidence. Defendant's Motion fails to properly put this before the Court and must fail.

5. Similarly, Defendant also asks for summary judgment on the extra-contractual damages and Tex. Ins. Code Ch. 542 penalties, arising from the premise that because Defendant is entitled to summary judgment on limitations, all extra-contractual causes of action then must also fail. As detailed herein, the summary judgment evidence shows that Defendant is not entitled to summary judgment. Therefore, all the extra-contractual causes of action remain. For all of these reasons, Defendant's Motion should be denied and Defendant's "Suits Against Us" provision should be

declared void.

## II. OBJECTIONS TO DEFENDANT'S EVIDENCE

6. Plaintiffs object to all evidence attached to Defendant's Motion for Summary Judgment as it has not been properly authenticated and is hearsay. Further, the supporting declaration is improper and unreliable. While Defendant attaches documents to its Motion, the only document purporting to authenticate these documents is the Declaration of Defendant's outside attorney Kolby Keller. He is not an employee of Defendant. Mr. Keller's Declaration is objectionable as are the documents he purports to introduce as evidence.

7. The first set of problems with Mr. Keller's Declaration (Exhibit A) is that it is unreliable and most likely perjury. While very short, the declaration contains numerous problems. First, in paragraph 4, he actual declares under the penalty of perjury that his name is "Mark Kressenberg". While Defendant may argue this is merely a typo, this is also the document Mr. Keller signed and admitted under penalty of perjury. The reason for the penalty of perjury language is for the declarant to take extra caution in what he is signing. Here, this is not the case. If he cannot get his own name correct, what else in the declaration and evidence might be wrong. Defendant is asking for dispositive relief, it should be held to the high standard the law requires. Beyond this, the declaration never states that Mr. Keller is a custodian of records or of what entity Thompson Coe or Liberty, or that he has knowledge of the record keeping practices of either one. Keller provides no testimony of how he knows about the record keeping practices, assuming he does. Additionally, Paragraph 3 ends with an open sentence "Furthermore," there is nothing that follows. Also in paragraph 3, Mr. Keller opines that "these records were created at or near the time by persons with knowledge …". How exactly does Mr. Keller have personal knowledge of this? He never elaborates. This is especially problematic here because these attached records are not from

Keller's law firm, Thompson Coe, rather they appear to be made by people from Liberty long before Keller's firm was retained in this matter. While all attorney's lives would be much simpler if they could avoid getting business records affidavits from companies and just swear to things themselves, this is not the law and should not be the law.

8. This then moves into the larger substantive issues with the declaration and Mr. Keller's statements. The declaration is problematic hearsay within hearsay. Mr. Keller readily admits that these documents were true copies of documents he received from Liberty in the course of litigation. If he were a custodian of records for his law firm Thompson Coe, then he could avoid the first level of hearsay in showing that these records were the actual documents Thompson Coe received from Liberty, but he cannot get around the second level of hearsay ***within hearsay***, namely that the documents which were sent by Liberty were true and accurate business records of Liberty. There is no evidence of this.

9. Mr. Keller never states that he is either the custodian or records of Liberty or an employee. He is not, he is an attorney at an external law firm Thompson, Coe, Cousins, and Irons. He does not state that he has personal knowledge as to how Liberty keeps and maintains its records as part of his job responsibilities and would likely not possess that information. He does not state she has any familiarity with the records keeping practices of Liberty, as he would likely not, or has a job where he keeps Liberty's records for it. His declaration artfully avoids the requirements of a proper business records affidavit because he is not qualified to make a business records affidavit for Liberty. Outside counsel retained to defend lawsuits are not custodians of records for the company that retains them. Keller only says that these are true records of the litigation file of Thompson Coe, not that these are true and accurate copies of records of Liberty which Liberty maintained as

a business record and certified by a custodian of records with personal knowledge thereon, before providing them to Thompson Coe. This distinction is fatal.

10. Without the declaration being admissible, none of the exhibits attached would be admissible either, but there are other specific objections to each attached Exhibit which must also be addressed. Exhibit A-1 is the Policy. Again, there is no sworn declaration showing that the Policy is the true Policy. Just having a certified Policy cover page preceding the Policy does not make it admissible. However, in fairness, Plaintiffs do believe that this Policy appears accurate, even though not properly introduced as admissible evidence.

11. The problems with Exhibit A-2 are more significant. Defendant attempts to use this correspondence to show the "date of acceptance" for purposes of the accrual of the statute of limitations. This letter should not be considered as it is also unsubstantiated hearsay for several reasons. First, off there is no testimony to establish that the date of the letter is accurate, or that the letter itself is accurate as one from Liberty made at that time. Then, and importantly as will be shown in the arguments, there is no evidence that this document was ever sent to Plaintiffs or the date it was sent or received, or that it was ever received. There is no testimony that this letter was the coverage determination on the claim, or that it is not a draft letter, or that it was never withdrawn or supplemented. While it should not be incumbent on Plaintiffs to teach the rules of evidence to Defendant's counsel, assuming a proper records affidavit, proper evidence for a summary judgment would also need a statement from a witness noting that this was the actual coverage determination letter, the date is correct, that it was sent, the date it was sent, and received by Plaintiffs, that it was not withdrawn. None of this is before the Court. Mr. Keller does not even try to answer these issues, not that he would be qualified to testify to this on behalf of Liberty. All Mr. Keller can swear to is that he received this document from Liberty during Litigation, this does

not make it admissible for the representations which Mr. Keller subscribes to it as "evidence" in his Motion.

12. Exhibit A-3 is even more bizarre. It is a bunch of pages from Liberty's records. Again, witnesses and testimony are evidence, not spreadsheets, moreover spreadsheets without any explanation. Defendant appears to use these as evidence of its claim's handling and payment of the claims. Mr. Keller, its attorney does not try to explain these either, or provide any support as to what was paid when. These sheets as presented are just unsubstantiated hearsay and cannot be considered. Someone needs to testify regarding what the document shows, especially when it is an internal spreadsheet and log. The contentions made in the Motion as to what they represent has no evidentiary support such that it should be considered.

13. As a result of these objections, all evidence attached to the Motion should be stricken from consideration. Without this evidence, the Motion lacks all predicate and would basically need to be rewritten to be considered without any evidence and would make no sense. The Court should not have that burden and as such the Motion can be denied without need for further argument. It would further make Defendant's Motion a No-Evidence Motion for Summary Judgment which is not permitted in Federal Court and cannot be considered here since the expiration of a Statute of Limitations is an affirmative defense to which Defendant bears the burden of proof.

## III. SUMMARY JUDGMENT STANDARD

14. Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Ragas v. Tennessee Gas Pipeline Co*., 136 F.3d 455, 458 (5th Cir.1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a

verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc*., 402 F.3d 536, 540 (5th Cir.2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L.Ed.2d 105 (2000); *Anderson*, 477 U.S. at 254–55.

## IV. SUMMARY JUDGMENT EVIDENCE

15. As noted above, Defendant has not offered any admissible evidence, therefore, Plaintiffs do not need any evidence needed to controvert this evidence. However, references to Defendant's exhibits and pleadings on file is referenced herein as necessary.

## V. ARGUMENT AND AUTHORITIES

16. Plaintiffs' response can be divided into three sections: (1) The "Suits Against Us" provision is void on its face under Texas law; (2) notwithstanding the first issue, Defendant have not set forth sufficient facts to support the expiration of the statute of limitations; and (3) the dismissal of the extra-contractual causes of action is improper without the dismissal of the contractual suit.

### A. Liberty's "Suits Against Us" Provision is Void as a Matter of Law

17. The largest issue in these Arguments is whether Liberty's "Suits Against Us" provision, as drafted, in enforceable under Texas law; it is not. Ironically, Defendant's introductory legal analysis in paragraphs 7-10 of its Motion is spot on. However, the application of the law to the actual policy terms is lacking, leading to a contradictory result.

As Defendant notes, the operative language of the Policy is:

> G. Suit Against Us. No suit or action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy. Action brought against us must be started from the earlier of two years from the date we accept or reject the claim or three years from the date of the loss that is subject to the claim.

18. Defendant is further correct that Tex. Civ. Prac. and Rem Code Sec. 16.070 prohibits a cause of a limitations period shorter than two years from the date the cause of action accrues. *See Spicewood Summit v. America Fist Lloyds,* 287 S.W.3d 461, 465 (Tex.App-Austin 2009); *see Luling Oil and Gas v. Humble Oil,* 191 S.W.2d 716, 721 (Tex. 1945); *Barker v. Eckman* 213 S.W.3d 306, 311 (Tex 2006) (Limitations begins to run on the accrual of the cause of action). Defendant is correct in its recitation of accrual which is that "A cause of action accrues at the time facts come into existence which authorize a claimant to seek a judicial remedy." *Murray v. San Jacinto Agency,* 800 S.W.2d 826,828 (Tex. 1990). While parties do not have to use "accrual" in their contractual limitation as a trigger, if the shortening operates as shorten limitations to less than two years and one date from when the cause of action accrues, it is void. *See Spicewood Summit v. America Fist Lloyds,* 287 S.W.3d at 465.

19. If Defendant had a limitations clause like almost every other insurer in this state that said no suit of action can be brought against us unless it is started within two years and one day from the time the cause of action accrues, there would be no challenge. But this is not Liberty's usage, so let's analyze how it is different and whether this difference is material. Here, there are at least two material issues which provide circumstance where the Liberty Policy would have limitations periods shorter than two years, and both are actually material to the specific facts of our case-at-bar: (1) is accrual based upon Defendants action or Plaintiffs' knowledge, and (2) can acceptance of a claim serve as an unconditional beginning or accrual. If Plaintiffs prevail on either/both of these issues, this Court must declare Defendant's clause void.

20. First and easiest is the predicating condition. Liberty's clause is clear that the two-year period is to start based upon the action of Liberty -- "the date we accept or reject the claim." *See* Policy, supra. There is nothing in this language that notes that the operative date is the date that this decision is communicated to the insured, and this failure is fatal. "A cause of action accrues at the time facts come into existence which authorize a claimant to seek a judicial remedy." *Murray v. San Jacinto Agency*, 800 S.W.2d at 828. As a claimant cannot know to seek a judicial remedy until they receive the information, in Texas, a cause of action accrues on the date that the insured receives the coverage determination notice from the carrier, not the date the decision was made by the insurance company. *Silo Restaurant v. Allied Prop. and Cas*., 420 F.Supp.3d 562, 576-77 (W.D.Tex. 2019). Defendant ignores and avoids this pivotal issue in its Motion. As the Policy does not use the term accrual in its definition, and does not specify it is based upon receipt, the operative terms of the Policy, which is construed against the insurance company, would mean that in every case where the notice was received by the insured on a date later than the decision was made would provide less than two years for limitations. Therefore, this clause is void; it is that simple.

21. The second (independent) ground has to do with the condition of both acceptance or denial can start the clock. This is a material difference. Denial is relatively easy, and Defendant is right, there is plenty of case law noting that communication of a denial of a claim can start a clock. Defendant highlights these cases and avoids those determining accrual on accepted claims. Acceptance is tougher. "The denial date for coverage is typically 'a question of law' but 'when there is no outright denial of a claim, the exact date of accrual of a cause of action … should be a question of fact to be determined on a case-by-case basis.'" *Silo Restaurant*, 420 F.Supp.3d at 577 (*quoting Provident Life v. Knott*, 128 S.W.3d 211, 222 (Tex. 2003); *see Spicewood Summit v.*

*America Fist Lloyds*, 287 S.W.3d at 466 (The accrual of a breach of contract cause of action requires that the contract be breached first). The discussion of whether the facts here support the accrual and on what date will be addressed in the next section, but the issue related to voiding the clause is that the term "acceptance or denial" as used in Liberty's Policy does not allow for this case by case examination of the facts. To the extent there are facts which could push the accrual date later than the date of acceptance as the Texas Supreme Court and Western District both acknowledge, the limitation period here, would again be then less than two years and thus the clause is void. The fact is that, in this case, the acceptance of the claim, did not create a breach, the Ponnadurai's were happy that their claim was accepted decision and had no complaint that it was accepted. It was only when he determined that the payments made were going to be insufficient that the breach occurred. As noted, this requires a factual analysis. Liberty's provision, as drafted, would allow for no factual analysis as to accrual in this circumstance. It is an absolute. Frankly, the clause does not specify whether it is operative on the original acceptance or denial or the last acceptance or denial in case decisions are supplemented are changed. This, again, provides situations where there could be less than two years from accrual to file suit under Liberty's provisions and again making the clause is void under Texas law.

22. In summary, Liberty tried to change the long accepted language for shortening the limitations clause on insurance policies in Texas, and it failed to do so properly under Texas law. As shown above, the application of language of the Liberty Policy can lead to instances of the impermissible shortening of the statute of limitations to less than two years from the time the cause of action accrues (like under the operative facts of our case-at-bar), making it void under Texas law. Therefore, Defendant's Motion for Summary Judgment should be denied, and this Court should further declare Liberty's "Suits Against Us" clause void under Texas law.

## B. Defendant Lacks Evidence to Support the Expiration of the Statute of Limitations

23. Although the Court should not have to address the issue as to whether the facts presented in Defendant's Motion are sufficient to grant summary judgment due to the "Suits Against Us" clause being legally void, if the Court did undertake this analysis, the operative facts also do not support granting summary judgment. There are two main reasons for this: First, Defendant has not produced proper admissible evidence showing the date upon which its "acceptance" was received by Plaintiffs, and (2) Defendant has not established the date upon which the cause of action accrued for this accepted claim.

> Under Texas law, a "defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense." KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp. [hereinafter KPMG], 988 S.W.2d 746, 748 (Tex. 1999) (citing Velsicol Chem. Corp. v. Winograd, 956 S.W.2d 529, 530 (Tex. 1997) (per curiam)). In that context, KPMG further stated:
>
> Thus, the defendant must (1) conclusively prove when the cause of action accrued, and (2) negate the discovery rule, if it applies and has been pleaded or otherwise raised, by proving as a matter of law that there is no genuine issue of material fact about when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered the nature of its injury. 988 S.W.2d at 748 (citing Burns v. Thomas, 786 S.W.2d 266, 267 (Tex. 1990); Woods v. William M. Mercer, Inc.,769 S.W.2d 515, 518 n.2 (Tex. 1988)).

*Silo Restaurant,* 420 F.Supp.3d at 574. Therefore, the burden is on Defendant to produce evidence to conclusively establish that limitations has expired prior to suit. Since Defendant has no admissible evidence, Defendant certainly cannot do this.

24. Defendant first attempts to do this through the use of a March 9, 2021, dated letter which it contends show a coverage determination 2 years and 18 days before suit was filed. The letter is not sufficient to meet this burden. As noted above, the letter is inadmissible and should not be considered. It was never authenticated by Liberty as its business record, and Mr. Keller cannot

testify as to its authenticity from Liberty. Moveover, there is no evidence in the record that the letter in evidence was not a draft, that it was the actual coverage opinion, that it was not later revised or superseded, that it was sent, on what date it was sent, and more importantly the date it was received by Plaintiffs. *See Silo Restaurant v. Allied Prop. and Cas*., 420 F.Supp.3d at 576-77 (Under Texas law, the operative date for accrual is the date of receipt by the insured). Each and every one of the issues in the preceding sentence must be answered for Defendant to begin to meet its burden, but none have been answered. There is no testimony in the record on any of these issues, Defendant cannot just present a letter and have the Court assume these pivotal issues. The letter in and of itself, even if admissible, does not answer any of these questions and summary judgment must be denied.

25. While Defendant cites law about reopening claims and continuing investigations, none of these situations apply here. This is not a circumstance where Defendant looked at additional information but retained its earlier denial on a closed claim, like the cases cited. This is an accepted claim where final decisions had not been reached as to the amount of payment. While the logs and notes attached as by Defendant as its Exhibit A-3 are also inadmissible, ironically, if they were to be considered, they would actually go to creating a fact issue. Again, here the dispute is over an accepted claim. Plaintiffs have not contended that the breach was the acceptance, Plaintiffs were happy the claim was accepted. It would be when the payments were no longer coming that Plaintiffs' cause of action accrued. As noted in Defendant's Motion, if admissible, there were substantial payments (the overwhelming majority of payments) which came long after March 27, 2021 (the date two years prior to suit). In fact, under Defendant's contentions in its Motion, of the roughly $265,000 in payments, about $255,000 (about 97%) post-dated March 27, 2021. As noted above, "[t]he denial date for coverage is typically 'a question of law' but 'when there is no outright

denial of a claim, the exact date of accrual of a cause of action … should be a question of fact to be determined on a case-by-case basis.'" *Silo Restaurant*, 420 F.Supp.3d at 577 (*quoting Provident Life v. Knott*, 128 S.W.3d 211, 222 (Tex. 2003); *see Spicewood Summit v. America First Lloyds*, 287 S.W.3d at 466 (The accrual of a breach of contract cause of action requires that the contract be breached first). Here, it is Defendant's burden to conclusively establish the facts of why Plaintiffs' cause of action accrued prior to March 27, 2021, and why none of these subsequent payments over the 15 months, could establish a later accrual date. Stated another way, Defendant has to set forth facts that establish the time facts came into existence which authorized Plaintiffs to seek a judicial remedy. The March 9, 2021, "letter of acceptance" alone, even if admissible, certainly would be insufficient to establish that fact as a matter of law given the events occurring afterward. Here, there is no evidence showing what Plaintiffs knew about the breach and when he knew it as would be required for this showing. This is Defendant's burden to prove; and Defendant does not even try to do this. To meet this burden, Defendant would have had to analyze each payment that occurred after March 27, 2021, and conclusively show why each of those payments was not a change it its coverage determination as to the amount of liability. Liberty would further have to show how Plaintiffs knew as of the March 9, 2021, letter that they would ultimately be dissatisfied with total amount of payments which they would receive over the next 15 months. Defendant makes no attempt to do this. Therefore, Defendant's Motion fails on this ground as well.

### C. <u>The Extra-Contractual Claims should not be Dismissed</u>

26. Defendant's final argue is that to the extent the Court finds that the limitations clause bars this lawsuit that the extra-contractual causes of action should also be dismissed. The easiest answer is that the Court should dismiss the lawsuit on limitations grounds. And if not, the predicate act

for dismissal of the extra-contractual causes of action would not occur. Going further, perhaps the easiest issue to address is the Summary Judgment Motion regarding the Violation of the Texas Prompt Payment of Claim's Statute, Tex. Ins. Code 542.051, *et seq*. To the extent that Defendant seeks dismissal of this cause of action, it is inappropriate as it relates to whether payment is owed, not really claim's handling, in cases where full payment has not been made. In Texas, the Prompt Payment of Claims Statute is an automatically owed if the full amount of the claim is not timely paid. Therefore, if the jury finds that Liberty has not paid the full amount of its award for damages for breach of contract, the penalty interest and attorney's fees under the Prompt Payment of Claims Act would be owed as well, this premise was clearly set forth by the Texas Supreme Court in *Hinojos v. State Farm Lloyds,* 619 S.W.3d 651, 656-57. (Tex. 2021). As a result, summary judgment cannot be granted on this point as the determination by the jury for breach of contract will determine this issue as well.

27. Beyond this Liberty drafts separate paragraphs to address essentially one point, that there should not be extra-contractual bad faith causes of action against it. As noted above, the Motions lack evidence attached to this to support an evidentiary Motion for Summary Judgment and are at their essence no-evidence Motion. Section 541.151 of the Texas Insurance Code allows for a DTPA cause of action in this insurance cases. The Texas Supreme Court has acknowledged this as well. *See Vail v. Texas Farm Bureau*, 754 S.W.2d 129 (Tex. 1988); *Roach v. Vehicle*, 2016 WL 795967, at *4 (N.D. Tex. Feb. 29, 2016) ("the Texas Insurance Code allows an insured to file a claim through its tie-in statute, for deceptive acts or practices listed in Section 17.46(b) of the DTPA.").

28. Similarly, as the breach of contract action exists, Plaintiffs could recover damages for that breach as a recovery for the bad faith causes of action. To an extent, there is no difference between

breach and coverage in this instance. "In this context no breach can occur unless coverage exists, and a breach necessarily occurs if coverage exists, and the insurer fails to pay the amount covered.... Conversely, if the policy does cover the loss, the insurer necessarily breaches the policy if it fails to pay benefits for the loss because the insured is entitled to those benefits." *USAA v. Menchaca*, 545 S.W.3d 479 (Tex. 2018). However, the Texas Supreme Court acknowledges there is an important distinction because USAA argued *Menchaca* can never recover policy benefits as damages for a statutory violation if there is no breach of contract. *Id.* The Texas Supreme Court clarifies that "what matters for purposes of causation under the statute is whether the insured was entitled to receive benefits under the policy." *Id.* Stated another way: if it is found "that the policy entitles the insured to receive the benefits and that the insurer's statutory violation resulted in the insured not receiving those benefits, the insured can recover the benefits as 'actual damages… caused by' the statutory violation." *Id.* Therefore, the extra-contractual causes of action should not be dismissed.

## CONCLUSION AND PRAYER

As shown herein, not only is Defendant limitations argument incorrect, Liberty's "Suits Against Us" provision is VOID under Texas law. Moreover, Defendant has not set forth admissible evidence of the accrual date of the statute of limitations such that it could be granted summary judgment. Finally, as the contractual claims are not dismissed, neither are the extra-contractual claims warranting dismissal.

WHEREFORE, premises considered, for the reasons set forth herein, Plaintiffs ask this Court to deny Defendant's Motion for Summary Judgment, sustain its objections, declare Liberty's "Suits Against Us" clause Void and grant Plaintiffs any other relief at law or in equity to which Plaintiffs may show themselves so justly entitled.

Respectfully Submitted,

By: */s/ Jay Scott Simon*

Chad T. Wilson
Bar No. 24079587
Jay Scott Simon
Bar No. 24008040
CHAD T. WILSON LAW FIRM, PLLC
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
cwilson@cilsonlaw.com
jsimon@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on February 16, 2024, I electronically transmitted this document to the Clerk of Court using the CM/ECF system for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to defendant(s) counsel of record.

THOMPSON, COE, COUSINS & IRONS, L.L.P.

J. Mark Kressenberg
mkressenberg@thompsoncoe.com
One Riverway, Suite1400
Houston, Texas 77056
Telephone: (713) 403-8379
Facsimile: (713) 403-8299

Kolby J. Keller
kkeller@thompsoncoe.com
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209

ATTORNEYS FOR DEFENDANT

*/s/ Jay Scott Simon*