IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PUNITA K. AND GANESH PONNADURAI, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:23-cv-01545 |
| | § | (JURY) |
| LIBERTY INSURANCE CORPORATION, | § | |
| | § | |
| *Defendant,* | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT LIBERTY INSURANCE CORPORATION'S MOTION FOR LEAVE TO AMEND ITS FOR SUMMARY JUDGMENT, OBJECTIONS TO EVIDENCE, AND REQUEST FOR SANCTIONS**

COMES NOW Punita K. and Ganesh Ponnadurai ("Plaintiff"), Non-Movants herein, and files this Response to Defendant Liberty Insurance Corporation's Motion for Leave to Amend its Motion Summary Judgment, Objections to Evidence and Request for Sanctions, and in support thereof would respectfully show unto this Court the following:

## I. SUMMARY OF THE ARGUMENT

1. Defendant has apparently recognized the merits of Plaintiff's objections to the evidence used to support to its Motion for Summary Judgment. It has attempted to rectify these issues by requesting leave to file two new declarations in an attempt to cure these fatal defects to its Motion for Summary Judgment. However, instead of curing these defects (they still remain), Defendant has actually added more evidentiary failures. Instead of having to point these out once, in its response, Plaintiffs are now having to address these issues and the new issues twice. As such Plaintiffs believe they are entitled to sanctions.

2. By way of background, Defendant filed a dispositive Motion for Summary Judgment on February 8, 2024. This Motion is seeking the complete dismissal of the lawsuit due to expiration

of the statute of limitations. Well before the deadline to respond, Plaintiffs filed their response on February 16, 2024. Defendant never filed a reply brief and its time to file a reply has passed. Instead on February 28, 2024, Defendant filed its Motion for Leave to Amend the Motion adding new evidence. Plaintiffs oppose this Motion for the following reasons:

(1) The Motion to Amend is not timely;

(2) The "second" Declaration of Keller still does not answer most of the issues upon which it was challenged; and

(3) The "new" Declaration of Lenior to cure prior admissibility issues of Keller's declaration not only suffers the same defects as to the proof of the issues as asserted, but also adds two new issues of unreliability, if not active deceit. As to the defects, nothing proves that the documents are: (1) the true policy in force at the time, (2) that the letter was the final coverage opinion and when and if it was sent to Plaintiffs, and (3) that the spreadsheets attached show that the payments purported were ever actually sent to Plaintiffs and what the payments were for. Beyond this, the new procedural defects (besides untimeliness) are that (1) there are no documents attached to the declaration as referenced, so nothing has been admitted as evidence, and (2) Lenior says he is an employee of "Liberty Mutual Insurance Company," but the Defendant in this matter is "Liberty Insurance Corporation," a wholly different entity. There is no evidence that Lenoir can testify as to documents of Liberty Insurance Company, and, frankly, using the abbreviation ("Liberty") in the declaration to gloss over this material issue is actively deceitful.

## II. RESPONSE TO DEFENDANT'S MOTION AND OBJECTIONS TO EVIDENCE

### A. <u>The Motion is Untimely</u>

3. First, the Motion is untimely. Defendant filed its Motion on time and Plaintiffs have already filed their response and the time for a reply has passed. Now, Defendant wants to change the arguments, especially since a good deal of the response filed by Plaintiffs dealt with the issue there is no admissible evidence to support the Motion. The Court set a motions deadline of February 8, 2024 in the Scheduling Order. These issues are bring brought well after the deadline and only would serve to cause delay and extra burden.

**B. <u>The "Second" Declaration of Keller does not Rectify its Issues</u>**

4. Plaintiffs objected to the first Declaration of Keller for several reasons, Keller's explanation in his second only references one. He explains that his declaration calling himself Mark Kressenberg was an inadvertent error. Fine. Plaintiffs anticipated this response in their objections, but the issue still remains of the caution used when issuing the declaration. The more important issue still remains and was likely validated in Defendant's Motion. The more significant issue with the first declaration was that the declaration never stated that Mr. Keller is a custodian of records or of what entity Thompson Coe or Liberty, or that he has knowledge of the record keeping practices of either one. Keller provides no testimony of how he knows about the record keeping practices, assuming he does. The second declaration does not clarify this or how Mr. Keller could opine that "these records were created at or near the time by persons with knowledge …". How exactly does Mr. Keller have personal knowledge of this? He never elaborates and moreover, implicit in his change to add the declaration of Lenoir is an admission that he did not possess this knowledge that he declared having under the penalty of perjury.

**C. <u>The Declaration of Lenior has its own new Problems</u>**

5. In order to try and rectify the problems of Keller's First Declaration, Defendant now tries to add the declaration of a new person Nicholas Lenoir. First, implicit in the need to have this new

individual testify, Keller is admitting he was not qualified to admit the evidence he purported to enter in his First Declaration. Beyond this, Lenoir has two additional procedural defects with his declaration.

6. To start, paragraph 3 of Lenior's declaration contains several issues. In the second sentence, it notes that "Exhibits A1, A2 & A3 attached to this Declaration …". They are not attached, the Court filing received was two pages, there were no attachments. So, there is nothing he is verifying. Which is further problematic in that how can he verifying something under the penalty of perjury which is not there. Moreover, assuming exhibit A1 is supposed to be from the Policy, he notes that the record was "from the claim file for the claim." How can the actual Policy for the claim be contained in the claim file, as the Policy would need to exist before the claim could exist?

7. Beyond this, paragraph 2 of this rather short declaration is more problematic. In that paragraph, Lenoir states that he is an "employee of Liberty Mutual Insurance Company." That is not the Defendant in this case, the Defendant is Liberty Insurance Corporation, what is believed to be a separate entity, unless Defendant is asking for its own corporate veil of shell companies to be pierced. There is no explanation contained in the declaration as to how these companies are related or why someone from Liberty Mutual Insurance Company, can verify documents for Liberty Insurance Corporation. Beyond this, the use of the abbreviation "Liberty" throughout the remainder of the declaration appears to be a subtle way to deceive this Court of this material defect. "Liberty" wanted to create a confusing set of subsidiary and shell corporations for its corporate advantage, but it cannot disregard those same legal issues at its leisure when convenient.

8. These issues make the Declaration of Lenior unsuitable to admit the evidence and thus the purpose of the Motion without merit.

**D. <u>The Declaration of Lenior does not Remedy the Admissibility Issues with the Specific Documents.</u>**

9. To the extent additional analysis is needed, there are still additional problems with the evidence attached to the Original Motion for Summary Judgment, not cured, which were pointed out in Defendant's Original Response.

10. The problems with Exhibit A-2, even if properly admitted would still remain. Defendant attempts to use this correspondence to show the "date of acceptance" for purposes of the accrual of the statute of limitations. This letter should not be considered as it is also unsubstantiated hearsay for several reasons. Lenior still does not offer testimony to establish that the date of the letter is accurate, or that the letter itself is accurate as one from Liberty made at that time from the Letter. Then, and importantly as will be shown in the arguments, Lenior still offers no testimony that this document was ever sent to Plaintiffs or the date it was sent or received, or that it was ever received. There is no testimony that this letter was the coverage determination on the claim, or that it is not a draft letter, or that it was never withdrawn or supplemented. All of these issues with the correspondence were pointed out in Defendant's Original Response and have still not been cured.

11. The same issues would exist for Exhibit A-3. It is a bunch of pages from Liberty's records. Again, witnesses and testimony are evidence, not spreadsheets, moreover, spreadsheets without any explanation. Defendant appears to use these as evidence of its claim's handling and payment of the claims. Lenior does not try to explain these either or provide any support as to what was paid when. These sheets as presented are just unsubstantiated hearsay and cannot be considered. Someone needs to testify regarding what the document shows, especially when it is an internal spreadsheet and log. The contentions made in the Motion as to what they represent has no

evidentiary support such that it should be considered. This was also mentioned in the Original Response and not corrected.

## III. REQUEST FOR SANCTIONS

12. Not only did Plaintiffs have to respond once to a Motion wrought with evidentiary issues, they are now having to address a new set of issues a second time. Defendant chose to remove this case to Federal Court, and it should not only be aware of this Court's rules but also comply with them. It should not get several attempts to redo things when errors and defects are pointed out. Frankly, Defendant, after reviewing this Response, will probably ask for another attempt to get things right, especially when it is asking for the highest level of relief, dispositive relief. This all has a cost in terms of time and fees incurred by Plaintiffs. As such, this Court should award sanctions against Defendant in an amount which it believes is warranted to deter Defendant from similar conduct.

## CONCLUSION AND PRAYER

As shown herein, not only is Defendant's Motion untimely, it would not cure the problems for which it was indented.

WHEREFORE, premises considered, for the reasons set forth herein, Plaintiffs ask this Court to deny Defendant's Motion for Leave, sustain its objections, and grant Plaintiffs any other relief at law or in equity to which Plaintiffs may show themselves so justly entitled.

Respectfully Submitted,

By: *<u>/s/ Jay Scott Simon</u>*

Chad T. Wilson
Bar No. 24079587
Jay Scott Simon
Bar No. 24008040
CHAD T. WILSON LAW FIRM, PLLC
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
cwilson@cilsonlaw.com
jsimon@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on February 29, 2024, I electronically transmitted this document to the Clerk of Court using the CM/ECF system for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to defendant(s) counsel of record.

THOMPSON, COE, COUSINS & IRONS, L.L.P.

J. Mark Kressenberg
mkressenberg@thompsoncoe.com
One Riverway, Suite1400
Houston, Texas 77056
Telephone: (713) 403-8379
Facsimile: (713) 403-8299

Kolby J. Keller
kkeller@thompsoncoe.com
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209

ATTORNEYS FOR DEFENDANT

*<u>/s/ Jay Scott Simon</u>*